UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| STAR SERVICE CORPORATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 14-13665-JGD |
| ABM JANITORIAL SERVICE-NORTHEAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR WANT OF PROSECUTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

September 14, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on "Defendant ABM Janitorial Service-Northeast, Inc.'s Motion to Dismiss All of Plaintiff's Claims for Want of Prosecution with Prejudice" (Docket No. 70) and "Defendant ABM Janitorial Service-Northeast, Inc.'s Motion to Dismiss Counterclaims" (Docket No. 71). For the reasons detailed herein, the motions are ALLOWED.

## II. PROCEDURAL BACKGROUND

At a status conference held before this court on May 24, 2017, the court was notified that plaintiff's lead counsel, Robert Messinger, was planning on withdrawing from the practice of law and that he was seeking new counsel to take over this case.[1] The parties

---

[1] While Mr. Messinger had apparently left his firm, other counsel at the firm remained counsel of record, although they were apparently no longer involved in handling this matter.

were ordered to file a joint status report on June 23, 2017. On that date, ABM filed a unilateral report and informed the court, *inter alia*, that it had been unable to obtain any substantive information from the plaintiff Star Service Corporation, or any representative thereof, since at least April 2017; that, according to the Board of Bar Overseers, Star's lead counsel had taken inactive status on June 8, 2017 (although he has not withdrawn his appearance in this case); and that, according to the Corporation Division of the Secretary of the Commonwealth of Massachusetts, Star Service Corporation was subject to Dissolution by Court Order by the Secretary of the Commonwealth on June 30, 2016. (Docket No. 68). In addition, ABM's counsel represented that he believed the plaintiff had ceased operations and was no longer doing business. (Id.).

On July 5, 2017, this court entered the following electronic order:

> In light of the fact that a corporation cannot appear pro se, *see* Local Rule 83.5.5(c); *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 22 (1st Cir. 2000) ("a non-lawyer may not represent a corporation in ongoing proceedings"), plaintiff shall have 30 days to obtain successor counsel and/or file with this Court a status report with regards to its efforts to do so. If plaintiff does not obtain successor counsel and/or file a status report within the specified time frame, then defendant may file a motion to dismiss for lack of prosecution. The plaintiff's current attorneys are responsible for notifying the plaintiff of this order.

(Docket No. 69).

No status report was filed, and the defendant filed the instant motions on August 16, 2017. Apparently defense counsel has not had any communication with the plaintiff or any person purporting to represent the plaintiff. The basis for the motion to dismiss the defendant's own counterclaims is that the plaintiff is no longer in business.

No objections to the instant motions were filed.

2

## III. ANALYSIS

A defendant may move to dismiss an action against it "[i]f the plaintiff fails to prosecute" its case. Fed. R. Civ. P. 41(b). This court recognizes that dismissal for want of prosecution is a "drastic sanction[.]" Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir. 1999). Nevertheless, Star's disregard for this court's orders, and its "stoic silence" "extending over many months" clearly warrants dismissal of this case. See Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527-28 (1st Cir. 2002). Moreover, a dismissal with prejudice is appropriate in light of the fact that the plaintiff's silence induced the defendant to close this matter and withdraw its own significant counterclaims against the plaintiff.

## IV. ORDER

"Defendant ABM Janitorial Service-Northeast, Inc.'s Motion to Dismiss All of Plaintiff's Claims for Want of Prosecution with Prejudice" (Docket No. 70) and "Defendant ABM Janitorial Service-Northeast, Inc.'s Motion to Dismiss Counterclaims" (Docket No. 71) are ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge